CITED *in Ritter* v. *Merseles*, 4 *Zab.* 628 ; *Waterman* v. *Merill*, 4 *Vr.* 382 ; *Harris* v. *Kirkpatrick*, 6 *Vr.* 395 ; *Kemble* v. *Harris*, 7 *Vr.* 528–530.

---

DEN EX DEM. THOMAS HANCOCK v. FEN, GEORGE AIKEN ET AL., TENANTS.

1. Persons served with notice as tenants in possession in ejectment, may enter into the consent rule or not at their pleasure, if they do not, as to them, judgment will be entered against the casual ejector.

## JUNE TERM, 1854. 545

Den ex dem. Hancock v. Fen et al.

2. The only effect of this judgment as to them is, that if found in possession when the execution comes, they will be turned out.

3. In that case they will be liable to an action for mesne profits, but the judgment will be no evidence that they either claimed title or had possession.

This was a motion to enter judgment against the casual ejector as to two of the three alleged tenants served with a declaration in ejectment, who did not enter into the consent rule. The facts of the case were as follows:

The notice annexed to the declaration in this case is dated April 25, 1854, and addressed to William Irick, Richard W. Earl, Franklin W. Earl, and George Aiken, who are alleged to be tenants in possession of the premises in the declaration mentioned, or some part thereof, and was duly served.

It is admitted that the action is brought to recover the possession of a certain tract of land in Burlington county, containing twenty-nine ten-one-hundredth acres, surveyed to the above mentioned Irick, and Richard W. and Franklin W. Earl, returned 7th February, 1851, and approved by the West Jersey Proprietors, November 11, 1851.

The declaration being returned to the present term, a motion is now made that George Aiken. be permitted to enter into the usual consent rules, and to defend alone.

To this there is of course no objection, but the counsel of the plaintiff insist that if Irick and the Earls refuse to enter into the rules and defend, the plaintiff is entitled to enter judgment by default, as to them, against the casual ejector.

This is denied by the counsel of Aiken, and he produces before the court a deed for the disputed premises, (excepting one-half acre) from the said Irick and the Earls to Aiken, dated August 19, 1853, duly acknowledged, and three several affidavits made by said Irick, and Richard W. and Franklin W. Earl, to the effect that they had conveyed the said land to Aiken, as above mentioned, and all the right, title, interest and estate therein, and that at the time of the commencement of said action, and the service upon them of the declaration, neither of them had any right, title, interest or estate, or any possession or right of possession of, in or to

said land ; and that neither of them had or claimed any right, title, interest, estate, possession or right of possession of, in or to said land, on the first or second days of April, 1851, the times of the demise and ouster laid in the declaration.

Argued before Justices OGDEN and POTTS, by Mr. *J. F. Randolph* for defendants, and Mr. *Browning* and Mr. *Dayton* for plaintiff.

POTTS, J. The parties who are here disclaiming all right, title, interest, possession and right of possession in the premises, may enter into the common consent rule with Aiken, or not, at their pleasure. If they do not join, judgment will be entered against the casual ejector, with the usual stay of execution until the suit against Aiken is determined. They are not defendants in the cause. A judgment by default against Richard Fen cannot affect them. It will not render them liable for costs. Costs could not be recovered against them except on an action for mesne profits, and then only in case they are proved to have had possession, which must be established by evidence. The judgment against Fen would be no evidence either that they claimed title or had possession of the premises. *Adams on Eject.* 391 ; *Rules of Sup. Court, Eject.*

The objection of Aiken's counsel is equivalent to an application to have the names of Irick and the Earls stricken out of the notice. But the plaintiff in ejectment may give notice to defend to as many persons as he chooses—he does it at his peril. They can only be made parties to the suit by their own act—the notice does not make them so. All the judgment by default does, is to enable the plaintiff to turn them out, as well as the party who defends, if they are actually found to be in possession when the execution comes— and they cannot object to this. If the court should undertake to strike out the names of parties served with notice, upon their *ex parte* representations that they have no interest,

and ought not to have been notified, it might lead to mischievous results. There is no such practice.

OGDEN, J., concurred.